FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 04 2005

JAMES W. McCORMACK, CLERK
By:_____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    No.   4-05-CV-0144SWW

ONE 2001 CADILLAC DeVILLE,
VIN 1G6KD54Y31U184227; and
ONE 1964 CHEVROLET IMPALA SS,
VIN 41447S201765

This case assigned to District Judge Wright
and to Magistrate Judge Young

    Defendants.

### VERIFIED COMPLAINT IN REM

    Plaintiff, United States of America, by its attorney, H. E. (Bud) Cummins, United States Attorney for the Eastern District of Arkansas, Todd L. Newton, Assistant U.S. Attorney, brings this complaint and alleges as follows:

    1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: (a) a vehicle, 2001 Cadillac DeVille, VIN 1G6KD54Y31U184227, which was seized on October 17, 2003; and (b) a vehicle, 1964 Chevrolet Impala SS, VIN 41447S201765, which was seized on October 17, 2003 (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

    2. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355.

3.  Venue is proper in this district pursuant to 21 U.S.C. § 881(j), because the acts or omissions giving rise to the forfeiture occurred in this district.

4.  The defendants consist of the following property: (a) a vehicle, 2001 Cadillac DeVille, VIN 1G6KD54Y31U184227, which was seized on October 17, 2003, title to which is held in the name of Craig Watson, 1302 King Street, Jacksonville, AR 72076; and (b) a vehicle, 1964 Chevrolet Impala SS, VIN 41447S201765, which was seized on October 17, 2003, title to which is held in the name of Craig Watson, 1302 King Street, Jacksonville, AR 72076.

5.  Evans Motors, Inc., 6701 Warden Road, Sherwood, AR 72120, may have an interest in the defendant Cadillac DeVille by virtue of a lien dated October 30, 2002. The balance of that lien as of January 20, 2005 was $1,367.

6.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 5 above.

The defendant vehicles represent proceeds and/or were used or intended to be used to transport, or facilitate the transportation, sale, receipt, possession or concealment of controlled substances in violation of 21 U.S.C. § 841 et seq.

As a result of the foregoing, the defendant vehicles are liable to condemnation and to forfeiture to the United States for their use, in accordance with 21 U.S.C. § 881(a)(4) and 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this court deems proper and just.

                                      Respectfully submitted,

                                      H. E. (BUD) CUMMINS
                                      United States Attorney

                                      By TODD L. NEWTON
                                      Assistant U.S. Attorney
                                      P. O. Box 1229
                                      Little Rock, AR 72203
                                      (501) 340-2609

## VERIFICATION

I, DEA TFO Steve Ingram, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge.

_____
Special Agent

# AFFIDAVIT

I, Steven C. Ingram, having been first duly sworn, depose and say:

I am a Task Force Officer of the Drug Enforcement Administration (DEA) and have been so assigned since 2002. As of April 2002, I have been assigned to Group One (1) in the office. For the past 19 years I have been employed with the Jacksonville Police Department. During that time I was assigned to the 6th Judicial Drug Task Force, serving Pulaski and Perry counties. Prior to being employed with the Jacksonville Police Department, I was employed with the Altus Police Department, Altus, Oklahoma for 3 ½ years. During that time I was assigned to investigate narcotics, along with other crimes, which have resulted in seizure, search, and arrest warrants.

I am submitting this affidavit in support of my belief that there is probable cause to believe that the property, 2001 Cadillac Deville, Arkansas license plate 254 GWY, and a 1964 Chevrolet Impala SS, VIN 41447S201765, were used to transport, or facilitate the transportation, sale, receipt, possession, or concealment of controlled substances. The information contained in the affidavit is based on my personal knowledge and information received from other law enforcement officers.

Probable Cause in support of the Affidavit

1. On Friday, October 17, 2003, the Jacksonville Police Department (JPD) and the Sherwood Police Department (SPD) executed a State search and seizure warrant at 1302 King Street, Jacksonville, Arkansas. Craig WATSON, Lonnie WASHINGTON, Dwight CRAWFORD, and Killi WORSHAM were present during the execution of the warrant and subsequently arrested.

2. During the execution of the search warrant officers seized a 2001 Cadillac Deville AR (N-1) license plate number 254 GWY. Also seized during the search warrant was a Buyers Order document showing Craig WATSON as the buyer and Evans Motors as the seller of 2001 Cadillac Deville AR . Per the Buyers Order, WATSON purchased the Cadillac on October 30, 2002. The listed price for the Cadillac was $29,995.00 and WATSON placed $7,000.00 cash as a down payment on the Cadillac. The document also revealed that WATSON received $13,995.00. as credit on a "trade in" and financed the Cadillac for 16 months w/monthly installments arranged at $587.92.  Note: An ACIC records check revealed that this vehicle is registered to Craig WATSON of 1302 King St., Jacksonville, AR.

3. During the execution of the search warrant officers seized a 1964 Chevrolet Impala SS AR  license plate number 42200. Also seized during the search warrant was the car title to the 1964 Chevrolet Impala SS, which was registered to Craig WATSON.  Note: An ACIC records check revealed that this vehicle is registered to Craig WATSON of 1302 King St., Jacksonville, AR. ACIC also revealed that there are no liens pending on the car.

4. On December 22, 2003, during a follow-up investigation, a Chemist from the DEA South Central Lab conducted an ION Scan of the passenger compartment of the 2001 Cadillac Deville and 1964 Chevrolet Impala, which resulted in the identification of trace levels of cocaine.

5. JPD, along with other Federal agencies have received intelligence information that WATSON is a major distributor of cocaine in the Jacksonville, AR area and WATSON has been the subject of an ongoing drug-related investigation for the past 10 years. Intelligence and direct information indicates that WATSON is a multi-kilogram cocaine distributor. WATSON sells powder and/or crack cocaine and routinely stores the cocaine in vehicles parked on the property. Recently, the JPD has made a controlled cocaine purchase from Lonnie WASHINGTON, who after making the delivery returned to WATSON'S residence, 1302 King Street, Jacksonville, Arkansas.

6. During a post-arrest interview, WATSON stated he works with his father doing landscaping. WATSON stated he might make $200.00 a day. WATSON also stated he buys and sells cars. WATSON also conceded that his address was 1302 King St., Jacksonville, AR. An ACIC records check verified that WATSON'S AR DL #900072621 is listed to the address of 1302 King St., Jacksonville, AR. Furthermore, an ACIC criminal history check revealed that WATSON was arrested for the following charges:

    1991 - Violation Uniform Control Substance Act:
    2 (two) counts of Delivery of a Controlled Substance (Cocaine).

    2002 - Violation Uniform Control Substance Act:
    3 (three) counts of Delivery of a Controlled Substance (Marijuana).

    1994- Violation Uniform Control Substance Act:
    2 (two) counts of Delivery of a Controlled Substance (Cocaine).
    Possession of a Controlled Substance (Marijuana).

7. WATSON was subsequently charged with Possession of Cocaine With Intent to Deliver, Maintaining a Drug Premises, Possession of Marijuana With Intent to Deliver, Possession of Drug Paraphernalia, Simultaneous Possession of Firearms by Certain Persons, and Possession of a Firearm by a Certain Person, in violation of Arkansas Statutes. WATSON was then placed in the Pulaski County Regional Detention Facility in lieu of bond.

8. On January 6, 2005, FBI S/A Steve Burroughs and TFO Steven C. Ingram contacted an interview of Glen Ford Sr, who gave the following statement to the agents.

9. Glen FORD Sr is a first cousin to Craig WATSON and has never known Craig WATSON to have any gainful employment.

10. FORD stated he would make cocaine deliveries for WATSON. In 2003 WATSON stopped using FORD to make the deliveries. FORD stated he would smoke the crack cocaine before he could make the delivery. The largest delivery FORD made for WATSON was 1 or 2 grams of cocaine. FORD stated WATSON would put the cocaine on a set of scales and cut off whatever grams he needed. WASHINGTON would place the cocaine in a bag and FORD would drive WASHINGTON to make the deliveries. After the delivery was made WASHINGTON would either hand WATSON the money or the money was placed in an envelope and left for WATSON.

11. FORD stated WATSON started using Lonnie WASHINGTON to make the deliveries. FORD stated he has known WASHINGTON all of his life. FORD

would drive WASHINGTON around to make WATSONS' deliveries. FORD stated in the last 10 years (1992-2002) he drove WASHINGTON over 100 times to make deliveries. FORD stated the most cocaine he has ever seen WASHINGTON to have is 2 or 3 grams. WASHINGTON told FORD the cocaine came from WATSON.

12. In the past 5 years (1997-2002) WATSON gave FORD cocaine for payment on working around the house at 1302 King Street, Jacksonville, Arkansas. Ford would assist in building the "party room" and for cleaning WATSONS' cars.

13. FORD stated 10 years ago (1995) WATSON would put his vehicles in FORD'S name, until WATSON had a wreck in one of the cars. FORD would not allow WATSON to put anymore cars in FORD'S name.

14. On at least 5 different times FORD would ask WATSON for crack cocaine and WATSON would tell FORD to see WASHINGTON for the crack cocaine. WATSON does not like to do hand to hand buys. FORD would contact WASHINGTON and would purchase crack cocaine for himself, until 2003.

15. On January 6, 2005, Lonnie WASHINGTON was interviewed by FBI S/S Steve Burroughs and TFO Steven C. Ingram who gave the following statement to the agents.

16. WASHINGTON stated 1998 was the first year he got involved with distribution of cocaine for WATSON. WASHINGTON started purchasing cocaine from WATSON at that time also.

17. Also at this time WASHINGTON started making deliveries of cocaine for WATSON. In the past 5 years, from 1998 to 2002 WASHINGTON sold approximately one ½ kilos of cocaine for WATSON.

18. WASHINGTON lived in WATSON'S home located at 1302 King Street, Jacksonville, Arkansas and received free rent and board for making the deliveries for WATSON.

19. WASHINGTON stated WATSON has never been gainfully employed as long as he has known him, which is all of there lives.

Based on the foregoing facts, it is believed that the vehicles described above were obtained directly or indirectly as the result of the commission of offenses under Title 21 U.S.C. 841 (a)(1) and 846 and used or intended to be used to facilitate said offenses.

TFO Steven C. Ingram
DEA, Little Rock District Office

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          No. 4-05-CV-0144 SWW

ONE 2001 CADILLAC DEVILLE,
VIN 1G6KD54Y31U184227; and
ONE 1964 CHEVROLET IMPALA SS,
VIN 41447S201765,
        Defendants.

**WARRANT FOR ARREST OF ARTICLES IN REM**

TO THE UNITED STATES MARSHAL OF THE EASTERN DISTRICT OF ARKANSAS AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, a verified complaint of forfeiture has been filed on February 2, 2005 in the United States District Court for the Eastern District of Arkansas, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881, for violations of 21 U.S.C. § 841;

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest and seize defendant property, and use discretion and whatever means appropriate to protect and maintain said defendant property; and YOU ARE FURTHER COMMANDED to provide notice of this action to all persons thought to have an interest in or claim against the defendant property by serving upon such persons a copy of this warrant and summons, and a copy of the verified complaint in rem, in a manner consistent with the principles of service of process

of an action in rem under the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Dated:

                                        Clerk of the Court

                                        By: *Kay Park*
                                        Deputy Clerk